MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Ochoa-Gonzalez, | No. CV 16-00363-PHX-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| United States Immigration and Customs Enforcement, et al., | |
| Defendants. | |

Plaintiff Marco Ochoa-Gonzalez, who is currently confined in the Rivers Correctional Institution in Winton, North Carolina, brought this civil rights case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant Hopkins has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 25.) Plaintiff was informed of his rights and obligations to respond (Doc. 26), and he failed to do so. The Court will grant the Motion to Dismiss.

**I.    Background**

Plaintiff's original Complaint was filed on February 8, 2016. (Doc. 1.) On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a claim against Defendant Barbara Brown and an unnamed ICE officer.[1] (Doc. 7 at 4.) On

---

[1] The Court directed service on Brown but not on the unnamed ICE officer and permitted Plaintiff to use the discovery process to obtain the Defendant's name and to

August 15, 2016, Plaintiff filed his First Amended Complaint ("FAC"), which was nearly identical to the original Complaint, but substituted Defendant Barbara Hopkins for Barbara Brown. (Doc. 18.)

Plaintiff alleged that on January 24, 2014, officers of the United States Immigration and Customs Enforcement ("ICE") and the Drug Enforcement Administration ("DEA") used excessive force while he was under arrest. (Doc. 18 at 3.) Plaintiff claims that after he was arrested, his hands and feet were cuffed and he was placed in a van. (*Id*.) While in the van, Plaintiff needed to use the restroom and so exited the van. (*Id*.) When he exited the van, officers started beating him, he fell to the ground, and they kicked him all over his body. (*Id*.) Plaintiff did not try to hit back or run. (*Id*.) Plaintiff has suffered pain ever since and is confined to a wheelchair. (*Id*.) Plaintiff alleged that while he was being beaten, DEA Officer Hopkins was holding a gun to his head. (*Id*.)

On screening of the FAC, the Court directed Hopkins to answer the claim against her. (Doc. 19.) On October 21, 2016, Hopkins filed the Motion to Dismiss. (Doc. 25.) Plaintiff did not file a response.[2]

## II. Motion to Dismiss Legal Standard

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994)

---

amend his Complaint to name the officer. (Doc. 7 at 4.)

[2] On January 17, 2017, Plaintiff moved to substitute Eugenio Sardinas for the unknown ICE agent. (Doc. 33.) The Court granted the Motion, allowed the substitution of Sardinas, and ordered Sardinas to answer the FAC. (Doc. 36.) On April 20, 2017, Sardinas filed a Motion to Dismiss. (Doc. 39.) Briefing is not complete on that Motion and the Court will address that Motion by separate Order.

(quotation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

When the statute of limitations forms the basis of a motion to dismiss, the motion can be granted if the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The forum state's personal injury statute of limitations applies to *Bivens* claims. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Tolling provisions are also borrowed from the forum state. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2006), *abrogated on other grounds by Simmons v. Himmelreich*, 135 S. Ct. 1843 (2016). In Arizona, the forum state in this case, the statute of limitations for personal injury claims is two years. A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986). Federal law, however, determines when a *Bivens* claim accrues. *See Pesnell*, 543 F.3d at 1043. A *Bivens* claim accrues "when the plaintiff knows or has reason to know of the injury." *Safouane v. Hassett*, 514 F. App'x 691, 692 (9th Cir. 2013).

**III.   Discussion**

Hopkins argues that based on the face of Plaintiff's Complaint, the alleged events in which she was purportedly involved occurred on January 24, 2014. (Doc. 25 at 3.) Hopkins denies that she committed any of the acts alleged by Plaintiff and asserts that the only specific allegation against her is that she was involved in the re-apprehension of Plaintiff on January 24, 2014 after he left a law enforcement vehicle without permission. (*Id*., citing Doc. 18 at 3.) Hopkins argues that Plaintiff's claims against her accrued on January 24, 2014, and that the statute of limitations on Plaintiff's *Bivens* claims arising out of the alleged assault expired on January 24, 2016, two years after the date of the alleged assault. (*Id*.) Hopkins argues that because Plaintiff did not file his original

Complaint until February 8, 2016, his claim against her is barred by the statute of limitations and the Court should dismiss the claim against her. (*Id*. at 3-4.)

Plaintiff alleges that Hopkins's involvement in the alleged excessive force incident was to hold a gun to his head on January 24, 2014. (Doc. 18 at 3.) Under Arizona's statute of limitations for personal injury claims, and absent tolling, Plaintiff was required to file his original complaint by January 24, 2016. Reading Plaintiff's Complaint with the required liberality, the Court finds no basis for tolling the statute of limitations, and Plaintiff did not respond to the Motion or suggest any reason that the statute should be tolled. Plaintiff signed his original Complaint with the date of February 3, 2016, which is after the January 24, 2016 deadline for filing his complaint.[3]

Accordingly, the Court will grant Defendant Hopkins's Motion to Dismiss with prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Hopkins's Motion to Dismiss (Doc. 25).

(2) Defendant Hopkins's Motion to Dismiss (Doc. 25) is **granted**, and Hopkins is **dismissed with prejudice**.

Dated this 2nd day of May, 2017.

_____
David G. Campbell
United States District Judge

---

[3] Under the prison mailbox rule, a legal document is deemed "filed" when handed by the prisoner to a prison official for mailing, and that date is determined by the date the prisoner signs the document rather the date it is filed with the clerk of court. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the prison mailbox rule articulated in *Houston v. Lack*, 487 U.S. 266, 270–71 (1988), to § 1983 lawsuits by pro se prisoners).