1  MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Ochoa-Gonzalez, | No. CV 16-00363-PHX-DGC (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| United States Immigration and Customs Enforcement, et al., | |
| Defendants. | |

Plaintiff Marco Ochoa-Gonzalez, who is currently confined in the Rivers Correctional Institution in Winton, North Carolina, brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 18.) Defendant Sardinas has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff's claim against him is barred by the applicable statute of limitations. (Doc. 39.) Plaintiff was informed of his rights and obligations to respond, and he opposes the Motion. (Docs. 40, 44.) The Court will grant the Motion to Dismiss and terminate this action.

**I.      Background**

Plaintiff's original Complaint was filed on February 3, 2016.[1] (Doc. 1.) On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a

---

[1] Although Plaintiff's original Complaint was actually filed in this Court on February 8, 2016, Plaintiff signed and dated it on February 3, 2016. Under the prison mailbox rule, a legal document is deemed "filed" when handed by the prisoner to a prison

claim against Defendant Barbara Brown, an officer with the Drug Enforcement Administration (DEA), and an unnamed agent of United States Immigration and Customs Enforcement (ICE).[2] (Doc. 7 at 4.) On August 15, 2016, Plaintiff filed his First Amended Complaint (FAC), which was nearly identical to the original Complaint, but substituted Barbara Hopkins for Barbara Brown.[3] (Doc. 18.) On January 17, 2017, Plaintiff moved to substitute Eugenio Sardinas for the unknown ICE agent. (Doc. 33.) The Court granted the motion, allowed the substitution of Sardinas, and ordered Sardinas to answer the FAC. (Doc. 36.)

In his FAC, Plaintiff asserts one count of excessive force by an officer and alleges that on January 24, 2014, officers of ICE and the DEA used excessive force while he was under arrest. (Doc. 18 at 3.) Plaintiff claims that after he was arrested, his hands and feet were cuffed and he was placed in a van. (*Id*.) While in the van, Plaintiff needed to use the restroom and exited the van. (*Id*.) When he exited the van, "they" started beating him, he went down, and "they" kicked him all over his body until they saw Plaintiff was bleeding and not moving. (*Id*.) Plaintiff did not try to hit back or run. (*Id*.) Plaintiff has suffered pain ever since and is confined to a wheelchair due to the incident. (*Id*.)

## II. Motion to Dismiss Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the

---

official for mailing, and that date is determined by the date the prisoner signs the document rather the date it is filed with the clerk of court. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the prison mailbox rule articulated in *Houston v. Lack*, 487 U.S. 266, 270–71 (1988), to § 1983 lawsuits by pro se prisoners). Therefore, February 3, 2016 is the date Plaintiff's Complaint was filed.

[2] The Court directed service on Brown, but not on the unnamed ICE agent, and permitted Plaintiff to use the discovery process to obtain the ICE agent's name and to amend his Complaint to name the agent. (Doc. 7 at 4.)

[3] Hopkins was subsequently dismissed from this action based on statute of limitation grounds. (Doc. 41.)

nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quotation omitted). Where the plaintiff is a pro se prisoner, the court must construe the pleadings liberally and afford the petitioner the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can be granted if the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* The court may also consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *abrogated on other grounds by Astoria Fed. Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

The forum state's personal injury statute of limitations and any tolling provisions applies to *Bivens* claims. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). In Arizona, the forum state in this case, the statute of limitations for personal injury claims is two years. A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986). The statute of limitations may be tolled if a plaintiff is prevented from filing an action "due to sufficiently inequitable circumstances" or "extraordinary circumstances beyond plaintiffs' control." *McCloud v.*

*Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007) (internal citations and quotations omitted). Federal law determines when a *Bivens* claim accrues. *Papa*, 281 F.3d at 1009 (citation omitted). Such a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).

### III. Discussion

Defendant Sardinas argues that Plaintiff's claim accrued on January 24, 2014 and expired on January 24, 2016 – before Plaintiff filed his original Complaint. (Doc. 39 at 4.) Plaintiff did not name Sardinas as a Defendant until October 14, 2016, and Sardinas contends that even if the Court found that Plaintiff's amended claim naming Sardinas relates back to the original Complaint, the claim would still be barred because Plaintiff did not file his original Complaint until February 3, 2016. (*Id.*)

Plaintiff argues in his Response that the statute of limitations should be tolled. (Doc.44 at 2.) Plaintiff asks the Court to consider that (1) he does not write or speak English and has had to depend on help from others, (2) he is not versed in the law, (3) his court-appointed attorney did not properly assist him in his criminal proceedings, and (4) he no longer has legal assistance and is not capable of making intelligent and knowing decisions. (*Id.*) Plaintiff asserts that he is confined to a wheelchair "as [a] result of the beat[]ing (police brutality and e[x]cess of force) inflicted by officer Sardinas and his fellow co-workers (arresting officer)." (*Id.* at 3.)

Plaintiff claims that Sardinas was one of the officers who used excessive force against him on January 24, 2014. (*See* Doc. 18 at 3.) Plaintiff knew or had reason to know of his injuries on that date and he has not presented any evidence that he did not become aware of his injuries until some later date. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380-81 (9th Cir. 1998) (finding that Plaintiff had reason to know of the injury on an excessive force claim on the day the excessive force occurred). Therefore, under Arizona's two-year statute of limitations for personal injury claims, and absent tolling, Plaintiff was required to file his original complaint by January 24, 2016.

Plaintiff asserts a variety of potential impediments to filing a complaint, but he does not show how any of those potential impediments prevented him from filing a complaint for more than two years after he knew of the alleged use of excessive force. If someone with English proficiency was required to help with his Complaint, Plaintiff does not say that he could not obtain such help until after the expiration of the limitations period. Lack of legal sophistication is not an "extraordinary circumstance" warranting tolling of a limitations period. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). And Plaintiff does not explain how the alleged ineffective assistance of his criminal defense attorney affected this civil case.

Plaintiff signed his original Complaint on February 3, 2016, which is after the January 24, 2016 deadline for filing his complaint. Plaintiff's excessive force claim against Sardinas is therefore barred by the statute of limitations.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Sardinas's Motion to Dismiss (Doc. 39).

(2) Defendant Sardinas's Motion to Dismiss (Doc. 39) is **granted**, and Defendant Sardinas is **dismissed with prejudice**.

(3) This action is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

Dated this 2nd day of November, 2017.

_____
David G. Campbell
United States District Judge